[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 27, 2008
THOMAS K. KAHN
CLERK

No. 07-11748

D. C. Docket No. 06-00152 CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GOVERNOR REISS, SR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Alabama

**(May 27, 2008)**

Before DUBINA and BARKETT, Circuit Judges, SCHLESINGER,* District
Judge.

_____

*Honorable Harvey E. Schlesinger, United States Judge for the Middle District of Florida, sitting
by designation.

PER CURIAM:

Appellant, Governor Reiss, Sr. ("Reiss"), appeals his convictions on two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

The issue presented on appeal is whether the district court properly denied Reiss's motion for judgment of acquittal because the Government's showing that Reiss listed his ex-wife's name on an application for disaster funds from FEMA for property he no longer owned was sufficient to show "without lawful authority" and "during and in relation to" two underlying felonies – theft of public money and wire fraud – in order to convict him of aggravated identity theft under 18 U.S.C. § 1028A(a)(1).

This court reviews *de novo* a district court's denial of a motion for judgment of acquittal. *United States v. Ward*, 486 F.3d 1212, 1220 (11th Cir.), *cert. denied*, 128 S. Ct. 398 (2007). In considering a motion for judgment of acquittal, "we examine the evidence in a light most favorable to the jury verdict." *Id.* at 1220-21. We also review *de novo* questions of statutory interpretation. *United States v. Mazarky*, 499 F.3d 1246, 1248 (11th Cir. 2007).

When the plain language of a statute is ambiguous or leads to absurd results, we may consult legislative history to discern congressional intent. *See United States v. McNab*, 331 F.3d 1228, 1236 (11th Cir. 2003). However, when a statute

2

is unambiguous, review of the legislative history is unnecessary, and the rule of lenity does not apply. *United States v. Maturin*, 499 F.3d 1243, 1246 (11th Cir. 2007).

After reviewing the record, reading the parties' briefs and having the benefit of oral argument, we affirm the judgments of conviction on Counts 7 and 8 of the indictment. The unambiguous purpose of § 1028(A)(a)(1) is to provide for additional punishment for a defendant who, during the course of committing another felony offense, unlawfully uses a means of identification of another person. As such, the unlawful use of another person's identity when committing the other offense "aggravates" that other felony offense, warranting additional punishment. In our view, § 1028(A)(a)(1) is very similar to 18 U.S.C. § 924(c)(1), the use and carrying of a firearm during and in relation to a drug offense. In *United States v. Frye*, 402 F.3d 1123 (11th Cir. 2005), we stated that

> [b]y its plain language, section 924 does not require that a defendant be convicted of, or even be charged with, the predicate offense to be found guilty of using or carrying a firearm in relation to the predicate offense. Section 924(c) requires **only** that the drug trafficking crime be one that 'may be prosecuted.'

*Id.* at 1127. (Emphasis added). Thus, section 924(c) provides for additional punishment for a drug offense which, alone, is not concerned with gun possession.

Similarly, § 1028A(a)(1) provides for additional punishment for a felony offense which, alone, is not concerned with identity theft.

For the above-stated reasons, we affirm the convictions on Counts 7 and 8.

**AFFIRMED.**